KAUFMAN DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Matthew Cohen, Esq.**
**mcohen@kaufmandolowich.com**

**Ted Hillebrand, Esq.**
**ted.hillebrand@kaufmandolowich.com**

October 29, 2026

**VIA ECF**
Hon. Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

**Re: Diane L. Samuel and Martin Cohen v. American Drive-In Cleaners of Hewlett, Inc., Howard Moreida, and Harrison Moreida**
**Case No. 26-cv-05347 (LGD)**

Dear Magistrate Judge Dunst:

We represent Defendants American Drive-In Cleaners of Hewlett, Inc., Howard Moreida, and Harrison Moreida (collectively, the "Defendants") in the above-referenced matter. Pursuant to the Your Honor's Individual Practice Rules, we write to respectfully request a Pre-Motion Conference in anticipation of filing a Motion to dismiss Plaintiff Martin Cohen's remaining claims, all of which are pursuant to the New York Labor Law ("NYLL"), for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively, for the Court to decline supplemental jurisdiction under 28 U.S.C. § 1367(c).

Plaintiffs Diane L. Samuel and Martin Cohen (collectively, the "Plaintiffs") filed their Collective Action Complaint on August 28, 2026 alleging: (i) unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"); (ii) unpaid overtime in violation of the New York Labor Law (the "NYLL"); (iii) failure to provide accurate wage statements pursuant to the NYLL; and (iv) failure to provide wage notices pursuant to the NYLL. By Stipulation filed with the Court on September 25, 2026, Plaintiff Cohen withdrew his FLSA claim. (*See* Dkt. 17). As a result, Plaintiff Cohen now asserts only state-law claims and has no independent basis for federal question jurisdiction. Accordingly, Plaintiff Cohen's remaining claims in this action should be dismissed.

The Second Circuit has held that "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). This holds true even if there is another plaintiff remaining in the action who is asserting a federal claim. *See Camara v. Kenner*, 2018 U.S. Dist. LEXIS 54039, 15 (S.D.N.Y. Mar. 29, 2018) (declining to exercise supplemental jurisdiction over several plaintiffs' NYLL claims where the court had dismissed the same plaintiffs' FLSA claims as time-barred, but permitting one plaintiff's FLSA claims to proceed). The plaintiffs in *Camara* asked the court to exercise supplemental jurisdiction over two of the plaintiffs' NYLL claims if their FLSA claims were dismissed. *See Camara* at 15. That court in *Camara* declined to extend its jurisdiction to the

NYLL claims, despite the case being post-discovery and at the summary judgment stage. The court reasoned that "the proof that would support [the NYLL] claims is sufficiently distinct from the proof of the remaining plaintiffs' claims that it would not be unfair or inconvenient to dismiss [those] NYLL claims without prejudice." *Id*.

That same result is warranted here. Though Plaintiff Samuel's FLSA claim remains pending, supplemental jurisdiction over Plaintiff Cohen's claims requires a common nucleus of operative fact with that federal claim which does not exist. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Plaintiff Cohen allegedly stopped working in early 2023, while Plaintiff Samuel continued until January 2026. (*See* Dkt. 1 at ¶¶ 17-18). Because this action commenced on August 28, 2026, even the extended three year statute of limitations period applicable to willful violations of the FLSA (as opposed to two years for non-willful FLSA violations) began after Plaintiff Cohen's employment ended. As such, Plaintiff Cohen's earlier alleged NYLL unpaid overtime, wage statement, and wage notice claims concern distinct pay periods and individualized evidence outside the period underlying Plaintiff Samuel's timely federal claim.

Accordingly, because Plaintiff Cohen's NYLL claims are subject to dismissal, Defendants respectfully request a Pre-Motion Conference in anticipation of their Motion to dismiss Plaintiff Cohen's remaining claims.

Respectfully Submitted,
Kaufman Dolowich LLP

Matthew Cohen
Ted Hillebrand

cc: All Counsel of Record (via ECF)