# THE MARLBOROUGH LAW FIRM, P.C.

375 Sunrise Highway, Suite 3
Lynbrook, New York 11563

(212) 991-8960
(212) 991-8952 fax
chris@marlboroughlawfirm.com

November 6, 2026

**VIA ECF**
Hon. Lee G. Dunst, United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Samuel, et al. v. American Drive-In Cleaners of Hewlett, Inc., et al.*
Case No. 2:26-cv-05347 (LGD)

Dear Magistrate Judge Dunst:

This firm represents Plaintiffs Diane L. Samuel and Martin Cohen. Plaintiffs respectfully submit this letter in opposition to Defendants' October 29, 2026 request for a pre-motion conference concerning their proposed motion to dismiss Mr. Cohen's New York Labor Law ("NYLL") claims under Rule 12(b)(1) or, alternatively, to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). ECF No. 20. Mr. Cohen worked for Defendants until early 2023, so no part of his employment falls within the FLSA's three-year limitations period. Compl. ¶ 17; 29 U.S.C. § 255(a). He therefore withdrew his FLSA claim by stipulation. ECF No. 17. The proposed motion lacks merit. The Court has supplemental jurisdiction over Mr. Cohen's claims under 28 U.S.C. § 1367(a), and no ground for declining that jurisdiction is present. Plaintiffs respectfully request that the Court deny Defendants' request.

## I. The Court Has Supplemental Jurisdiction Over Mr. Cohen's NYLL Claims.

Section 1367(a) provides that, in a civil action over which the district court has original jurisdiction, the court also has supplemental jurisdiction over claims that are sufficiently related to form part of the same Article III case or controversy. The statute expressly includes claims involving the joinder of additional parties. 28 U.S.C. § 1367(a). Thus, where one claim supplies original jurisdiction, the court may exercise supplemental jurisdiction over another plaintiff's related state-law claims even if that plaintiff does not independently assert a timely federal claim. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

Claims form part of the same case or controversy when they derive from a "common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). In wage-and-hour cases, FLSA and NYLL claims satisfy that standard when they arise from the employer's same compensation policies and practices. *Id*. Ms. Samuel's FLSA claim supplies original federal-question jurisdiction. Mr. Cohen's NYLL claims arise from the same alleged wage practices and therefore fall within the Court's supplemental jurisdiction.

The Complaint alleges that Ms. Samuel and Mr. Cohen:

- Held the same position as dry-cleaning counter clerks at Defendants' Hewlett store and worked for the same Defendants. Compl. ¶¶ 11–18.

- Worked substantially the same schedule, including up to approximately 56 hours per week. *Id.* ¶¶ 19–22.
- Were informed by the United States Department of Labor in 2019 that Defendants had misclassified them as exempt managers. *Id.* ¶ 23.
- Were thereafter subject to the same alleged practice of receiving pay for some, but not all, overtime hours, while receiving wage statements that omitted the unpaid hours. *Id.* ¶¶ 24–27, 29.

Resolving both Plaintiffs' claims will require the same testimony and the same payroll, timekeeping, and wage-statement evidence.

Defendants say there is no common nucleus because Mr. Cohen left before Ms. Samuel's FLSA recovery period began. But Ms. Samuel and Mr. Cohen worked as counter clerks at the same store at the same time from 2006 until early 2023, including every week of Mr. Cohen's NYLL recovery period. Compl. ¶¶ 17–18. They received the Department of Labor's 2019 determination together. *Id.* ¶ 23. Each saw the other's schedule and hours firsthand. Thus, each Plaintiff is a witness in the other Plaintiff's case.

The test is whether the claims share operative facts, not whether the damages periods match. See *Shahriar*, 659 F.3d at 245. The NYLL's longer limitations period does not take Mr. Cohen's claims out of the same case or controversy.

Courts in this Circuit routinely exercise supplemental jurisdiction over NYLL claims asserted by a plaintiff whose individual FLSA claims are time-barred when other plaintiffs assert viable FLSA claims based on similar wage practices. In *Fallon*, for example, the court retained supplemental jurisdiction over a plaintiff's NYLL claims because the proof supporting those claims overlapped with the proof supporting the other plaintiffs' FLSA claims. *Fallon v. 18 Greenwich Ave., LLC*, No. 19-cv-9579 (MKV), 2021 U.S. Dist. LEXIS 54640, at *20 (S.D.N.Y. Mar. 23, 2021). Likewise, in *Huang*, the court held that NYLL claims arose from the same common nucleus as FLSA claims where the plaintiffs worked in the same jobs for the same employers and alleged a continuing pattern of wage-and-hour violations. *Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 593–94 (S.D.N.Y. 2020) (rejecting argument that state and federal claims arose in "a different and non-overlapping time period").

Defendants' reliance on *Camara v. Kenner*, No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039 (S.D.N.Y. Mar. 29, 2018), is misplaced. *Camara* involved deliverymen at a chain of roughly two dozen Just Salad stores. The court declined jurisdiction because "[m]uch of the plaintiffs' evidence [was] unique to each plaintiff": they were paid different hourly rates, had individualized intake procedures, and worked different schedules. *Id.* at *16–17. Courts treat *Camara* as the exception for cases where the proof is "sufficiently distinct." *Fallon*, 2021 U.S. Dist. LEXIS 54640, at *20. Here, Plaintiffs held the same job, at the same store, under the same owners, subject to the same overtime practice, for overlapping periods.

Every pay period for which Mr. Cohen seeks NYLL relief is also covered by Ms. Samuel's NYLL claims. Compl. ¶ 7. Dismissing his claims would not reduce discovery or remove any issue from this case.

## II. No Basis Exists To Decline Supplemental Jurisdiction Under Section 1367(c).

Where Section 1367(a) is satisfied, a court may decline supplemental jurisdiction only on one of the four grounds enumerated in Section 1367(c). *Shahriar*, 659 F.3d at 245. None applies here.

First, Mr. Cohen's NYLL claims do not raise a novel or complex issue of state law. His claims concern alleged unpaid overtime and wage-statement violations arising from the same alleged conduct underlying Plaintiffs' FLSA and NYLL claims.

Second, Mr. Cohen's NYLL claims do not substantially predominate over Ms. Samuel's FLSA claim. State claims substantially predominate only when they constitute the real body of the case and the federal claims are merely an appendage. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 613 F. Supp. 2d 437, 443 (S.D.N.Y. 2009). That is not this case. The claims involve the same alleged compensation policies, the same core proof, and closely related remedies.

Third, the Court has not dismissed all claims over which it has original jurisdiction. Ms. Samuel's FLSA claim remains pending. Thus, Section 1367(c)(3) does not apply. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).

Fourth, Defendants identify no exceptional circumstances or compelling reasons that would justify declining jurisdiction. See *Catzin*, 899 F.3d at 85. The parties will already take discovery on Defendants' wage policies, the 2019 Department of Labor determination, and Defendants' payroll records. If the Court dismissed Mr. Cohen's claims, he would refile them in state court. His NYLL claims are tolled while they are pending here. 28 U.S.C. § 1367(d). The parties would then litigate two cases at once against the same three Defendants on the same facts. Howard and Harrison Moreida would be deposed twice, and two courts would decide the same liability questions.

Even if a Section 1367(c) category were implicated, declining jurisdiction would be inappropriate unless doing so promoted the values of judicial economy, convenience, fairness, and comity. *Shahriar*, 659 F.3d at 245; *Catzin*, 899 F.3d at 85. Those values favor keeping Mr. Cohen's claims here. Nor does the early stage of the case favor dismissal. Courts lean toward dismissal in the usual case, where all federal claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Here, Ms. Samuel's FLSA claim will go forward, and the Court will hear the same facts regardless. *See Huang*, 459 F. Supp. 3d at 594 (retaining NYLL claims where the case was "at its earliest stages and the federal claims will go forward").

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a pre-motion conference concerning their proposed motion to dismiss Mr. Cohen's NYLL claims.

Respectfully submitted,

Christopher Marlborough

CHRISTOPHER MARLBOROUGH